LABARGA, C.J.,
concurring.
I concur with the majority opinion. I write separately, however, to address the lack of clarity in the record with respect to the notes submitted by the jury and to emphasize the need for trial courts to fully comply with the requirements of Florida Rule of Criminal Procedure 3.410. Rule 3.410 establishes a procedure for trial courts to follow when jurors request that additional instructions be provided or that testimony be read or played back. This rule serves the dual purpose of protecting the interests of parties and preserving the record. Its purpose is clear.
Jury deliberations are sacrosanct, and the impact of a jury’s deliberations cannot be overstated. It is of paramount importance that both parties be made aware of any inquiries from the jurors and that the treatment of these inquiries is fully reflected in the record. Although not every juror inquiry that falls within the scope of rule 3.410 will result in the jury being brought back into open court to receive additional instructions or a read-back or play-back of testimony, the rule is clear that every inquiry will result in notice to counsel for both parties. Moreover, rule 3.410 envisions that the record will clearly reflect the discussion and the resolution of the juror inquiry, which necessarily involves input from both parties.
When the trial court receives an inquiry from the jury, after notifying the prosecuting attorney and counsel for the defendant, the court should go on the record and read the note aloud in the presence of the defendant, defense counsel, and the prosecuting attorney. Then, still on the record, the trial court should invite input from both parties as to how to respond to the inquiry. The trial court should not respond to any inquiry from the jurors without first discussing the matter on the record with both parties. Strict adherence to this procedure is necessary to protect the defendant and the State, preserve the record, and assist the appellate court upon review.
PARIENTE, J., concurs.